1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REINAL CASTRO, JR.,

11            Petitioner,                    No. 2:10-cv-1607 KJN P

12       vs.

13   M.D. MCDONALD,

14            Respondent.              ORDER

15   _____/

16   I.  Introduction

17            Petitioner is a state prisoner proceeding without counsel with an application for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Plaintiff has consented to proceed before

19   the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Petitioner challenges his 2009

20   conviction on two counts of transportation of methamphetamine, with allegations of a prior drug

21   conviction and committing an offense while on bail.  Petitioner was sentenced to a determinate

22   term of nine years in state prison.

23            Petitioner claims that, at a critical stage of the proceedings, the trial court

24   appointed a second attorney for petitioner while he was still represented by retained counsel,

25   resulting in each attorney having a position adversarial to the other, depriving petitioner of his

26   Sixth Amendment right to conflict-free counsel.  After a careful review of the record in this

1    action, this court has determined that the petition for writ of habeas corpus should be denied.

2    II.  <u>Procedural History</u>

3          1.  Petitioner twice filed notices of appeal challenging the validity
of his plea and each time the court refused his request for a
4          certificate of probable cause.  [Petitioner] filed a third notice of
appeal, this time asserting that the plea was based on matters
5          occurring after the plea and did not challenge the validity of the
plea.  Consequently, the appeal became operative with the record
6          being prepared and counsel being appointed.

7    <u>People v. Castro</u>, 2010 WL 1178526 (Cal.App.3d Dist. 2010).  On March 29, 2010, the

8    conviction was affirmed by the California Court of Appeal, Third Appellate District, in an

9    unpublished opinion.  <u>Id</u>.

10          2.  Petitioner filed a petition for review in the California Supreme Court, which

11    was denied on June 9, 2010, without comment.  (Respondent's Lodged Document No. 8.)

12          3.  On June 24, 2010, petitioner filed the instant petition for writ of habeas corpus.

13    (Dkt. No. 1.)  On October 5, 2010, respondent filed an answer.  (Dkt. No. 11.)  Petitioner did not

14    file a reply or a traverse.

15    III.  <u>Facts</u>[1]

16          On April 28, 2007, at 10:51 p.m., an officer observed the
[petitioner], Reinal Castro, Jr., leaning into the driver's side
window of a vehicle.

17
         The vehicle was parked on the east side of North Cottonwood
18          Street, facing north.

19          The driver of another vehicle was later identified as co-defendant
Michael Santiago, a parolee at large.  As the officer approached,
20          Castro began walking northbound, away from the officer.

21          The officer parked directly behind the vehicle and exited.  The
officer yelled, "Hey, what's up Reinal?"  The [petitioner] looked
22          back in the officer's direction and began running northbound
towards the other vehicle.  The vehicle began driving northbound
23          on North Cottonwood Street.  The [petitioner] was running
alongside the vehicle attempting to get into the front passenger
24          seat.  As the [petitioner] entered the vehicle, the vehicle drove

25

26        [1]  Petitioner entered a no contest plea pursuant to a plea bargain.  Accordingly, these facts
are taken from the probation report.  (Clerk's Transcript on Appeal ("CT") at 174-77.)

westbound on West Kentucky Avenue without stopping at a controlled intersection.

The officer attempted an enforcement stop on the vehicle. The co-defendant failed to yield and accelerated at speeds of over 70 miles per hour on West Kentucky Avenue. The posted speed is 40 miles per hour. The co-defendant ran a red light at the intersection of Kentucky and Ashley Avenue. The pursuit ended on Bright Day Drive when the [petitioner] and the co-defendant jumped out of the vehicle while it was moving and fled on foot, leaving the vehicle in drive. The vehicle rolled to a stop.

The officer observed the [petitioner] throw an object into the back yard of 373 Bright Day Drive, and then attempted to run southbound. The [petitioner] was ordered to the ground and he complied with the officer's instructions.

Officers returned to 373 Bright Day Drive and found a jacket that the co-defendant threw over the fence.[2] Also a baggie containing 14.4 grams of methamphetamine was located in the back yard. The officer found a knife in the [petitioner's] jacket. Also, $510 in small bills was found in the [petitioner's] wallet.

. . .

On September 7, 2008, at 11:10 p.m., an officer initiated an enforcement stop on a vehicle without a front license plate.

The driver of the vehicle was identified as the [petitioner], Reinal Castro, Jr. He indicated that he did not have a valid driver's license, as it was suspended.

While conducting a search of the [petitioner], the officer located a pipe in his shorts pocket. Also, the officer located a baggie containing .75 of a gram of methamphetamine, in the [petitioner's] sock. During a search of the vehicle, an officer located a wallet that contained $930.25 along with two cell phones that belonged to the [petitioner].

(CT 174-77.)

IV. <u>Standards for a Writ of Habeas Corpus</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

---

[2] Although the probation report indicates the co-defendant threw the jacket over the fence (CT 175), the officer testified at the preliminary hearing that it was petitioner who threw the objects over the fence. (CT 60-61.)

1   some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

2   861 (9th Cir. 1994); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citation omitted).

3   A federal writ is not available for alleged error in the interpretation or application of state law.

4   See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th

5   Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas corpus cannot be used to try state issues de

6   novo.  Milton v. Wainwright, 407 U.S. 371, 377 (1972).

7         This action is governed by the Antiterrorism and Effective Death Penalty Act of

8   1996 ("AEDPA").  See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

9   1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

10  habeas corpus relief:

11          An application for a writ of habeas corpus on behalf of a person
        in custody pursuant to the judgment of a State court shall not be
12      granted with respect to any claim that was adjudicated on the
        merits in State court proceedings unless the adjudication of the
13      claim -

14              (1) resulted in a decision that was contrary to, or involved
        an unreasonable application of, clearly established Federal law, as
15      determined by the Supreme Court of the United States; or

16              (2) resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
17      State court proceeding.

18  28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v.

19  Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

20        Under section 2254(d)(1), a state court decision is "contrary to" clearly

21  established United States Supreme Court precedents if it applies a rule that contradicts the

22  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

23  indistinguishable from a decision of the Supreme Court and nevertheless arrives at different

24  result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citation omitted).

25        Under the  "unreasonable application" clause of section 2254(d)(1), a federal

26  habeas court may grant the writ if the state court identifies the correct governing legal principle

4

1   from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

2   prisoner's case. <u>Williams</u>, 529 U.S. at 413.  A federal habeas court "may not issue the writ

3   simply because that court concludes in its independent judgment that the relevant state-court

4   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

5   application must also be unreasonable."  <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75

6   (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

7   question, is left with a 'firm conviction' that the state court was 'erroneous.'")

8           The court looks to the last reasoned state court decision as the basis for the state

9   court judgment.  <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state

10  court reaches a decision on the merits, but provides no reasoning to support its conclusion, a

11  federal habeas court independently reviews the record to determine whether habeas corpus relief

12  is available under section 2254(d).  <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003);

13  <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000) ("Independent review of the record is not de

14  novo review of the constitutional issue, but rather, the only method by which we can determine

15  whether a silent state court decision is objectively unreasonable."); <u>accord</u> <u>Pirtle v. Morgan</u>, 313

16  F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of

17  a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential

18  standard does not apply and a federal habeas court must review the claim de novo.  <u>Nulph v.</u>

19  <u>Cook</u>, 333 F.3d 1052, 1056 (9th Cir. 2003); <u>Pirtle</u>, 313 F.3d at 1167.

20  V.  <u>Alleged Conflict of Interest</u>

21          Petitioner contends that he was deprived of conflict-free counsel during his

22  motion to withdraw his plea when the trial court appointed a different attorney to investigate and

23  argue petitioner's motion to withdraw while petitioner was still represented by retained counsel.

24  Respondent argues that petitioner's claim is procedurally barred because petitioner failed to

25  obtain a certificate of probable cause from the trial court, but that in any event, petitioner has

26  failed to demonstrate a conflict of interest existed or that the outcome would have been different

1   absent the alleged conflict of interest.

2          The California Court of Appeal refused to address the merits of petitioner's claim,

3   because petitioner failed to obtain a certificate of probable cause from the trial court, as follows:

4          Penal Code section 1237.5 prohibits a defendant from taking an
       appeal from a plea of guilty or no contest which challenges the
5       validity of his plea unless he obtains a certificate of probable cause
       for the appeal from the trial court.[3]  A motion to withdraw a plea
6       based on ineffective assistance of counsel, whether made before or
       after the plea, requires a certificate of probable cause.  (People v.
7       Stubbs (1998) 61 Cal.App.4th 243, 244-245, 71 Cal.Rptr.2d 423;
       People v. Ribero (1971) 4 Cal.3d 55, 63, 92 Cal.Rptr. 692, 480
8       P.2d 308 ["In determining the applicability of section 1237.5, the
       crucial issue is what the defendant is challenging, not the time or
9       manner in which the challenge is made"].)  "[C]onflicts of interest
       are a category of ineffective assistance of counsel claims. . . ."
10      (People v. Doolin (2009) 45 Cal.4th 390, 417, 87 Cal.Rptr.3d 209,
       198 P.3d 11.)

11
          People v. Earp (2008) 160 Cal.App.4th 1223, 73 Cal.Rptr.3d
12      370, People v. Osario (1987) 194 Cal.App.3d 183, 239 Cal.Rptr.
       333, and People v. Cotton (1991) 230 Cal.App.3d 1072, 284
13      Cal.Rptr. 757, which [petitioner] relies upon in support of his
       assertion that no certificate of probable cause is required in these
14      circumstances, are of no aid to him.  Unlike the instant case, in
       none of the cited cases was a motion filed to withdraw the
15      [petitioner's] plea, let alone, also as here, having the court rule on
       such a motion.  Indeed, each case observes that if a defendant
16      actually challenges the validity of his plea by means of a motion to
       withdraw[] the plea, he must obtain a certificate of probable cause.
17      (See Earp, at p. 1228, 73 Cal.Rptr.3d 370 ["Defendant concedes
       that if his motion to withdraw had been heard and denied, he would
18      have been required to obtain a certificate of probable cause"];
       Osario, at p. 187, 239 Cal.Rptr. 333 [If motion to withdraw plea
19      had been filed and denied, certificate would have been required
       because plea itself would have been placed in issue]; Cotton, at p.
20      1079, 284 Cal.Rptr. 757 [noting that " ' "[i]f a defendant
       challenges the validity of his plea by way of a motion to withdraw
21      the plea, he cannot avoid the requirement of [Penal Code] section
       1237.5 by labeling the denial of the motion as an error in a

22

23          [3] In full, California Penal Code section 1237.5 states:  "No appeal shall be taken by the
   defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a
24   revocation of probation following an admission of violation, except where both of the following
   are met:  [¶] (a)  The defendant has filed with the trial court a written statement, executed under
25   oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds
   going to the legality of the proceedings.  [¶]  (b)  The trial court has executed and filed a
26   certificate of probable cause for such appeal with the clerk of the court."  [Id.]

1     proceeding subsequent to the plea" ' "].)[4]

2         In sum, because the substance of [petitioner's] conflict of counsel
      complaint is in essence a claim of ineffective assistance of counsel
3     with respect to his motion to withdraw his plea, [petitioner] is
      required to obtain a certificate of probable cause for consideration
4     of that issue by this court, and his failure to have done so precludes
      us from considering this issue on appeal.  (People v. Mendez
5     (1999) 19 Cal.4th 1084, 1099, 81 Cal.Rptr.2d 301, 969 P.2d 146.)

6  People v. Castro, 2010 WL 1178526 at *1-2.  The state court did not address the merits of

7  petitioner's claim.

8         Federal courts "will not review a question of federal law decided by a state court

9  if the decision of that court rests on a state law ground that is independent of the federal question

10 and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991); King

11 v. LaMarque, 464 F.3d 963, 965 (9th Cir. 2006).  "[T]he procedural default doctrine is a specific

12 application of the general adequate and independent state grounds doctrine."  Wells v. Maass, 28

13 F.3d 1005, 1008 (9th Cir. 1994); Fields v. Calderon, 125 F.3d 757, 761-62 (9th Cir. 1997).  The

14 procedural default doctrine "bar[s] federal habeas [review] when a state court declined to address

15 a prisoner's federal claims because the prisoner had failed to meet a state procedural

16 requirement."  Coleman, 501 U.S. at 729-30.  A state procedural rule is considered an

17 independent bar if it is not interwoven with federal law or dependent upon a federal

18 constitutional ruling.  Ake v. Oklahoma, 470 U.S. 68, 75 (1985).  A state procedural rule

19 constitutes an adequate bar to federal court review if it was "firmly established and regularly

20 followed" at the time the state court applied it.  Ford v. Georgia, 498 U.S. 411, 423-24; King,

21 464 F.3d at 965; see also Townsend v. Knowles, 562 F.3d 1200, 1207 (9th Cir. 2009) ("To be

22

23         [4] Osario was recently disapproved in People v. Johnson (2009) 47 Cal.4th 668 at page
24 681, 101 Cal.Rptr.3d 332, 218 P.3d 972:  "To the extent that Osorio relied upon the circumstance
   that the defendant's claim was 'based upon activities occurring after the plea' (Osario, supra, 194
25 Cal.App.4th at p. 187), that case is inconsistent with Ribero, in which we concluded that the
   determinative factor [for application of Penal Code section 1237.5] is 'the substance of the error
26 being challenged, not the time at which the hearing was conducted.'  (Ribero, supra, 4 Cal.3d at
   p. 63, 92 Cal.Rptr. 692, 480 P.2d 308.)"

1    adequate, a state procedural rule must be 'well-established and consistently applied.'" (quoting

2    Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003)).

3            "A procedural rule can be neither well-established nor consistently applied if it is

4    not 'clear and certain.'" Townsend, 562 F.3d at 1207 (quoting King, 464 F.3d at 965)).

5    Moreover, "[t]o constitute a procedural bar, the state's rule had to be independent and adequate at

6    the time [petitioner] purportedly failed to comply with it." Townsend, 562 F.3d at 1206.

7            Procedural default is an affirmative defense, Gray v. Netherland, 518 U.S. 152,

8    165-66 (1996); Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005), "and the state has

9    the burden of showing that the default constitutes an adequate and independent ground."

10   Insyxiengmay, 403 F.3d at 665-66; Bennett, 322 F.3d at 585.

11           Here, respondent raises the affirmative defense that petitioner's claim alleging

12   denial of conflict-free counsel is procedurally barred due to petitioner's failure to obtain a

13   certificate of probable cause.  Respondent has met that burden by pleading that this claim is

14   procedurally defaulted pursuant to the rule contained in California Penal Code § 1237.5, which

15   requires that a defendant obtain a certificate of probable cause when appealing from a guilty plea.

16   (Dkt. No. 11 at 14-15).

17           Now the burden shifts to petitioner to place the adequacy of the rule requiring a

18   certificate of probable cause into question as "the scope of the state's burden of proof thereafter

19   will be measured by the specific claims of inadequacy put forth by the petitioner." Bennett, 322

20   F.3d at 584-85.  Petitioner "may satisfy this burden by asserting specific factual allegations that

21   demonstrate the inadequacy of the state procedure, including citation to authority demonstrating

22   inconsistent application of the rule." Bennett, 322 F.3d at 586.  The burden then shifts back to

23   the government, and it bears "the ultimate burden of proving the adequacy" of the relied-upon

24   ground. King, 464 F.3d at 966-67 (quoting Bennett, 322 F.3d at 585-86).  "In most

25   circumstances, the best method for petitioners to place the defense in issue is to assert 'specific

26   factual allegations that demonstrate the inadequacy of the state procedure' by citing relevant

1  cases."  <u>King</u>, 464 F.3d at 967; <u>Bennett</u>, 322 F.3d at 586.  If, however, a state procedural rule has

2  previously been found inadequate, "petitioners may fulfill their burden under <u>Bennett</u> by simply

3  challenging the adequacy of the procedure; the burden then shifts back to the government to

4  demonstrate that the law has subsequently become adequate." <u>King</u>, 464 F.3d at 967.

5          Here, petitioner did not reply to respondent's answer; therefore, there are no

6  "specific allegations by the petitioner as to the adequacy of the state procedure." <u>Bennett</u>, 322

7  F.3d at 584-85.  Petitioner has failed to satisfy his burden under <u>Bennett</u>.  However, even if

8  petitioner had replied, this court concludes that the procedural rule rests on an adequate and

9  independent state procedural ground.  The Ninth Circuit has recognized that California's Penal

10  Code section 1237.5 constitutes an independent and adequate procedural bar.  <u>See</u> <u>Strong v.</u>

11  <u>Sullivan</u>, 265 Fed. Appx. 489, 490 (9th Cir. 2008); <u>see also</u> <u>Francis v. Cate</u>, 2010 WL 1659062

12  (E.D. Cal. 2010) (Section 1237.5 constitutes procedural bar); <u>Rodriguez v. Hernandez</u>, 2009 WL

13  2525444 (S.D. Cal. 2009) (same).[5]  As the application of California Penal Code § 1237.5 does

14  not depend on any federal law, it is independent for purposes of procedural default analysis.  <u>See</u>

15  <u>Vang v. Nevada</u>, 329 F.3d 1069, 1075 (9th Cir. 2003).  Section 1237.5 is also adequate for the

16  purposes of imposing a procedural bar, as it is firmly established by statute, and applied

17  consistently by California's appellate courts.  <u>People v. Mendez</u>, 19 Cal.4th 1084 (1999); <u>see</u>

18  <u>also</u> <u>People v. Panizzon</u>, 13 Cal.4th 68, 79 (Cal. 1996) (California Penal Code § 1237.5 does not

19  allow the reviewing court to hear the merits of issues going to the validity of the plea unless the

20  defendant obtains a certificate of probable cause, or seeks and obtains relief from default in the

21  reviewing court); <u>People v. Cuevas</u>, 44 Cal.4th 374, 385, 79 Cal.Rptr.3d 303 (Cal. 2008) (same);

22  <u>People v. Shelton</u>, 37 Cal.4th 759, 766, 37 Cal.Rptr.3d 354 (Cal. 2006) (same).  Consequently, a

23  federal habeas court is barred from reviewing petitioner's claim unless petitioner can

24

25        [5]  <u>But see</u> <u>Bean v. Tilton</u>, 2009 WL 1699659 (E.D. Cal. 2009) (California Penal Code Section 1237.5 is not an adequate state procedural bar to a claim under <u>Blakely v. Washington</u>,

26  542 U.S. 296 (2004) and <u>Cunningham v. California</u>, 549 U.S. 270 (2007).  However, in the instant petition, petitioner does not bring claims under <u>Blakely</u> or <u>Cunningham</u>.  (Dkt. No. 1.)

1   demonstrate cause and actual prejudice, or that failure to review petitioner's claims is necessary

2   to avoiding a miscarriage of justice.  Coleman, 501 U.S. at 725.

3              If there is an independent and adequate state ground for the decision, the federal

4   court may still consider the claim if the petitioner demonstrates:  (1) cause for the default and

5   actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental

6   miscarriage of justice.  Harris v. Reed, 489 U.S. 255, 262 (1989).  The existence of cause for a

7   procedural default must ordinarily turn on whether the prisoner can show that some objective

8   factor external to the defense impeded counsel's efforts to comply with the State's procedural

9   rule.  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).  Examples of cause include showings

10  "that the factual or legal basis for a claim was not reasonably available to counsel," "that some

11  interference by officials made compliance impracticable," or "of ineffective assistance of

12  counsel."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Prejudice is difficult to demonstrate:

13          The showing of prejudice required under Wainwright v. Sykes is
            significantly greater than that necessary under "the more vague
14          inquiry suggested by the words 'plain error.'"  Engle, 456 U.S. at
            135, 102 S.Ct. at 1575; Frady, supra, 456 U.S. at 166, 102 S.Ct. at
15          1593.  See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct.
            1730, 1736, 52 L.Ed.2d 203 (1977).  The habeas petitioner must
16          show "not merely that the errors at . . . trial created a possibility of
            prejudice, but that they worked to his actual and substantial
17          disadvantage, infecting his entire trial with error of constitutional
            dimensions."  Frady, supra, at 170, 102 S.Ct. at 1596.
18

19  Murray, 477 U.S. at 493-94.  At bottom, the question is whether the prejudice is sufficient to

20  have undermined the reviewer's confidence in the result of the trial.

21             As noted above, petitioner did not file a traverse or a reply.  Petitioner has failed

22  to demonstrate cause or prejudice as a result of the alleged violation of federal law.  Even if

23  petitioner had established cause, this court finds that petitioner did not suffer prejudice arising

24  from the failure to obtain a certificate of probable cause.  The first amended information filed in

25  June 2008, charged petitioner with 12 separate felony and misdemeanor counts.  (Reporter's

26  Transcript 34-35.)  There were enhancements alleged for prior drug convictions as to counts 1, 2,

and 8.  There were on-bail enhancements alleged as to counts 1, 2, 5, 6, 8 and 9, and a single prior prison enhancement.  (CT at 119-26.)  The plea agreement provided for a no contest plea to counts 1 and 8 (transportation of methamphetamine), and admitting an enhancement for a prior drug conviction and an on-bail enhancement.  (CT at 149-51, 147-48, 152-58.)  In light of the multiple charges petitioner faced, as compared with the reduced charges negotiated through the plea agreement, this court cannot find it likely that the outcome of this case would have been different if petitioner had been granted a certificate of probable cause.

"Even if a state prisoner cannot meet the cause and prejudice standard, a federal court may hear the merits of [a defaulted claim] if the failure to hear the claim[s] would constitute a 'miscarriage of justice.' "  Sawyer v. Whitley, 505 U.S. 333, 339 (1992); see also Schlup v. Delo, 513 U.S. 298, 321 (1995) (reiterating exception for fundamental miscarriage of justice but noting that exception is explicitly tied to petitioner's innocence).  Thus, to qualify for this exception to the procedural default rule, petitioner must show he was "actually innocent" of the offense.  Cook v. Schriro, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting Murray, 477 U.S. at 496).  Here, petitioner does not claim actual innocence; rather, he alleges that he was deprived his right to conflict-free counsel.  Consequently, petitioner is not entitled to this exception.

For the reasons set forth above, petitioner's claim alleging that his Sixth Amendment right to conflict-free counsel was violated is procedurally defaulted, and federal review of this claim is foreclosed.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

DATED:  November 29, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cast1607.157